UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,           CIVIL ACTION NO.:

       Plaintiff,           HONORABLE:

vs.

PABLO RIVAS AKA
PAUL RIVAS
       Defendant,

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant entered into and signed a Guaranteed Student Loan Promissory Note in the County of Washtenaw, Michigan, within the jurisdiction of this Court, to borrow money from the United States of America, a copy of the Promissory Note is attached as Exhibit "A".

3. The defendant is a resident of Clark County, Washington and may be served with service of process at 1913 Leichner Road Vancouver, WA 98668-5763.

### The Debt – Account No. 1999A20438

4. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $1,980.00 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $692.56 |
| C. | Administrative Fee, Costs, Penalties | $ 87.00 |
| D. | Credits previously applied-Debtor payments | $638.00 |

   E. Accrued Capitalized Interest since February 1, 1999  $ 886.65

   **Total Owed**    **$3,008.21**

The Certificate of Indebtedness, attached as Exhibit "B", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 3% per annum.

### Failure to Pay

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

  A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

  B. For attorney's fees to the extent allowed by law;

  C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

  D. For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

**EXHIBIT A**

**NATIONAL DIRECT STUDENT LOAN PROGRAM**
**PROMISSORY NOTE**

LA # 000 00-0087

Soc. Sec. No. _____-5187

I, Pablo Rivas, hereinafter called the maker, promise to pay to Brown Mackie Coll hereinafter called the institution, located at Salina, KS., the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below, together with all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due.

### SCHEDULE OF ADVANCES

| # | Amount | Date | Signature of Maker | # | Amount | Date | Signature of Maker |
|---|--------|------|--------------------|---|--------|------|--------------------|
| 1 | 50.00 | 1-15-77 | X Pablo Rivas | 3 | 250.00 | 1-27-77 | X Pablo Rivas |
| 2 | 80.00 | 1-21-77 | X Pablo Rivas | 4 | | | |

The Maker further understands and agrees, and it is understood between the parties that:

I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note as are subject to interpretation shall be construed in the light of such Act and Federal Regulations pertaining to such Act, copies of which shall be kept by the lending institution.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing (except when paragraph III(3) is applicable) 9 months after the date on which the Maker ceases to carry, at an institution of higher education, or at a comparable institution outside the States approved for this purpose by the U. S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such date. Interest of 3 per centum per annum shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal (or, if the Maker so requests, in graduated installments determined in accordance with such schedules as may be approved by the lending Institution and the Commissioner) quarterly, bimonthly or monthly installments (as determined by the lending Institution) in accordance with the schedule which is attached to and made part of this note.

III. This note is subject also to the following conditions:

(1) The Maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) In the event of a failure to meet a scheduled repayment of any of the installments due on this Note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the lending Institution, become immediately due and payable.

(3) Interest shall not accrue, and installments need not be paid during any period (a) during which the Maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (b) not in excess of 3 years during which the Maker (i) is on full-time active duty as a member of the Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (ii) is in service as a volunteer under the Peace Corps Act, or (iii) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (VISTA). Any such period in (a) or (b) shall not be included in determining the 10-year period during which repayment must be completed as specified in paragraph II.

(4) If the Maker undertakes service after June 30, 1972, (a) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of section 465(a)(2) of the Act as a school with a high enrollment of students from low-income families, or (b) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

(5) If, after June 30, 1972, the Maker undertakes service as a full-time staff member in a preschool program carried on under section 222(a)(1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

(6) If, after June 30, 1972, the Maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under section 310 of Title 37, United States Code.

(7) The Maker is responsible for informing the lending institution of any change or changes in his address.

(8) Notwithstanding the repayment schedule otherwise calculable to Part II, the Maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the Maker receives or has received other National Direct Student Loans from other funds authorized by the Act at one or more other lending institutions, He/She shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

IV. This Note shall not be assigned by the lending institution except, upon transfer of the Maker to another institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such institution; provided that assignment may be made to (a) institutions other than those to which the Maker has transferred or to the United States where the lending institution ceases to function as an educational institution and (b) to the United States if this note has been in default for two years. The provisions of this note that relate to the lending institution shall where appropriate relate to an assignee.

V. The Maker hereby certifies that he has listed below all of the National Direct Student Loans (or National Defense Student Loans) he has obtained at other institutions.

### SCHEDULE OF NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| # | Amount | Date | Institution | Signature of Maker |
|---|--------|------|-------------|--------------------|
| 1 | | | | |
| 2 | | | | |

Signature X Pablo Rivas _____ Endorser _____

Permanent Address _____

City, State, Zip Code _____

City, State, Zip Code _____

Caveat—This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State law, create a binding obligation, either security or endorsement may be required. The institution shall supply a copy of this note to the maker.

**EXHIBIT A**

**NATIONAL DIRECT STUDENT LOAN PROGR**
**PROMISSORY NOTE**

Soc. Sec. No. _____3181_____

I, __Pablo Rivas__, hereinafter called the maker, promise to pay to __Brown Mackie College__ hereinafter called the institution, located at __Salina, KS.__, the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below, together with all attorney's fees and other costs and charges necessary for the collection of any amount not when due.

### SCHEDULE OF ADVANCES

| | Amount | Date | Signature of Maker | | Amount | Date | Signature of Maker |
|---|---|---|---|---|---|---|---|
| 1 | 1600.00 | 9/29/74 | X Pablo Rivas | 3 | | | |
| 2 | | | | 4 | | | |

The Maker further understands and agrees, and it is understood between the parties that:

I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note as are subject to interpretation shall be construed in the light of such Act and Federal Regulations pertaining to such Act, copies of which shall be kept by the lending institution.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing (except when paragraph III(3) is applicable) 9 months after the date on which the Maker ceases to carry, at an institution of higher education, or at a comparable institution outside the States approved for this purpose by the U. S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such date. Interest of 3 per centum per annum shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal (or, if the Maker so requests, in graduated installments determined in accordance with such schedules as may be approved by the lending institution and the Commissioner) quarterly, bimonthly or monthly installments (as determined by the lending institution) in accordance with the schedule which is attached to and made part of this note.

III. This note is subject also to the following conditions:
(1) The Maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.
(2) In the event of a failure to meet a scheduled repayment of any of the installments due on this Note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the lending institution, become immediately due and payable.
(3) Interest shall not accrue, and installments need not be paid during any period (a) during which the Maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (b) not in excess of 3 years during which the Maker (i) is on full-time active duty as a member of the Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (ii) is in service as a volunteer under the Peace Corps Act, or (iii) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (VISTA). Any such period in (a) or (b) shall not be included in determining the 10-year period during which repayment must be completed as specified in paragraph II.
(4) If the Maker undertakes service after June 30, 1972, (a) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of section 465(a)(2) of the Act as a school with a high enrollment of students from low-income families, or (b) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.
(5) If, after June 30, 1972, the Maker undertakes service as a full-time staff member in a preschool program carried on under section 222(a)(1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.
(6) If, after June 30, 1972, the Maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under section 310 of Title 37, United States Code.
(7) The Maker is responsible for informing the lending institution of any change or changes in his address.
(8) Notwithstanding the repayment schedule otherwise calculable to Part II, the Maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the Maker receives or has received other National Direct Student Loans from other funds authorized by the Act at one or more other lending institutions, He/She shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

IV. This Note shall not be assigned by the lending institution except, upon transfer of the Maker to another institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such institution; provided that assignment may be made to (a) institutions other than those to which the Maker has transferred or to the United States where the lending institution ceases to function as an educational institution and (b) to the United States if this note has been in default for two years. The provisions of this note that relate to the lending institution shall where appropriate relate to an assignee.

V. The Maker hereby certifies that he has listed below all of the National Direct Student Loans (or National Defense Student Loans) he has obtained at other institutions.

### SCHEDULE OF NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| | Amount | Date | Institution | Signature of Maker |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |

Signature __X Pablo Rivas__
Permanent Address ____
City, State, Zip Code ____

Endorser __RIVAS*PABLO*__
Permanent Address ____
City, State, Zip Code ____
LOAN NO: 8308001637   02-08-83
SSN ___-5187   ID  1

*Caveat*—This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State law, create a binding obligation, either security or endorsement may be required. The institution shall supply a copy of this note to the maker.

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Pablo Rivas
5229 W Michigan Ave Apt 145 2
Ytsilanti, MI 48197
SSN: ███ 5187

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated below plus additional interest from 02-01-99.

On or about 09-29-76, 01-15-77, 01-21-77 & 01-27-77, the debtor executed promissory note(s) to secure loan(s) of $1,600.00, $50.00, $80.00 & $250.00 from Brown Mackie College at 3.00 percent interest per annum. The institution made the loan(s) under the Federally-funded National Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 aa et seq. (34 C.F.R Part 674). The institution demanded payment according to the terms of the notes and the debtor defaulted on the obligation on 01-31-80. Due to this default, the institution assigned all rights and title to the Department of Education.

After the institution credited all cancellations due and payments received, the debtor owed the school $1,980.00 principal and interest in the amount of $173.25. This principal and interest together with any unpaid late charges totaled $2,153.25. The loan was assigned to the Department on 11-30-82.

Since assignment of the loan, the Department has received a total of $456.47 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the debtor owes the United States the following:

| | |
|---|---|
| Principal: | $ 1,980.00 |
| Interest: | $ 692.56 |
| Fees/Costs: | $ 87.00 |
| Late Charges: | $ 0.00 |
| Total Debt as of 02-01-99 : | $ 2,759.56 |

Interest accrues on the principal shown here at the rate of $.16 per day.

Pursuant to 28 USC S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on : 2/9/99

Name: [signature]
Title: LOAN ANALYST
Branch: LITIGATION BRANCH

**EXHIBIT B**

B3-2/ED-DIV LITGN/COINDSL.DOC